UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO HERNANDEZ, CDCR #AF-8851,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. NATHAN WILLIAMS, et al.,<br><br>Defendants. | Case No.  21cv347-MMA-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Lino Hernandez, also known as Lino Felipe Hernandez, a prisoner incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.  Plaintiff did not prepay the civil filing fee required to commence a civil action at the time he filed this action; instead, he has filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

1

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Hernandez, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the

central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### B. Discussion

Plaintiff's Complaint alleges several CAL medical officials violated his Eighth and Fourteenth Amendment rights by failing to increase his medication for back and leg pain, conduct "more tests … like [an] MRI," refer him to a specialist or chiropractor, or grant his health care appeals requesting a "proper treatment" plan. *See* Compl. at 3–5. While he claims to have been provided inadequate care for his chronic medical condition in September 2020, Plaintiff includes no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury'" at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056. Thus, without more, allegations of chronic pain and claims of inadequate medical care, like those Plaintiff makes here, do not meet § 1915(g)'s imminent danger exception. *See e.g., Balzarini v. Lewis,* 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding prisoner's disagreement with medical personnel about the

course of his treatment for Hepatitis C and adequacy of his pain medication insufficient to establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations of prisoner complaining of "acute chronic pain in his mid and lower back and lower extremities due to [a] gunshot injuries he received before his incarceration," who was receiving medical treatment for his chronic pain, but disagreed "with the type of medication the medical staff [wa]s prescribing for him," insufficient to show imminent danger of serious physical injury); *Stephens v. Castro*, 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish imminent danger of serious physical injury under § 1915(g)); *see also Dustin v. Kern Valley State Prison Personnel*, No. 1:19-cv-00989-LJO-SAB (PC), 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (allegations of lingering pain caused by "injur[y] in the past by one or more former cellmates and a porter do not establish that [plaintiff] was in imminent danger of serious physical injury at the time he filed his complaint."); *Stewart v. Lystad*, No. 2:16-CV-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s "imminent danger" exception), *report and recommendation adopted*, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016).

      Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of federal court docket proceedings available on PACER[1] and finds that Plaintiff Lino Hernandez, aka Lino Felipe

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804

Hernandez, identified as CDCR Inmate #AF-8851, while incarcerated, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Hernandez v. Brooks, et al.*, Civil Case No. 2:09-cv-00817-UA-JC (C.D. Cal., West. Div., May 14, 2009) (Order Denying Request to Proceed without Prepayment of Filing Fee and finding Complaint subject to dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)) (Doc. No. 2 at 1–4) (strike one);

2) *Hernandez v. Brooks, et al.*, Civil Case No. 3:09-cv-02071-UA-JC (C.D. Cal., West. Div., May 15, 2009) (Order Denying Request to Proceed without Prepayment of Filing Fee and finding Complaint subject to dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)) (Doc. No. 2 at 1–4) (strike two); and

3) *Hernandez v. Ventura County, et al.,* Civil Case No. 3:09-cv-05990-UA-JC (C.D. Cal., West. Div., Sept. 1, 2009) (Order Denying Request to Proceed without Prepayment of Filing Fee and finding Complaint subject to dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)) (Doc. No. 2 at 1–5) (strike three).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he

---

F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] Plaintiff also had his IFP privileges revoked pursuant to 28 U.S.C. § 1915(g) in two subsequently filed Central District of California civil actions based on the same three strikes identified above. *See Hernandez v. Ventura County*, Civil No. 2:09-cv-07838-GHC-JC (C.D. Cal., West. Div. July 27, 2010) (Report and Recommendation ["R&R"] to Dismiss Complaint and to Revoke In Forma Pauperis Status) (Doc. No. 29); *adopted* (C.D. Cal., West. Div., Sept. 6, 2010) (Order and Judgment) (Doc. Nos. 30-31); *see also Hernandez v. Ventura County*, Civil No. 2:09-cv-04373-GHC-JC (C.D. Cal., West. Div. Nov. 16, 2010) (R&R to Revoke IFP Status and Dismiss Civil Action) (Doc. No. 7); *adopted* (C.D. Cal., West. Div., Dec. 15, 2010) (Order and Judgment) (Doc. Nos. 8, 9).

faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

DATE: April 8, 2021

HON. MICHAEL M. ANELLO
United States District Judge